## Hunt v. Bullington.

(Decided June 11, 1915.)

Appeal from Boyd Circuit Court.

Appeal and Error—Harmless Error—Instructions—Punitive Damages.—A judgment will not be reversed for error in giving an instruction on punitive damages, where it is clear from the evidence and the size of the verdict that punitive damages were not allowed.

WILLIS & DAVIS for appellant.

WATT M. PRICHARD and R. S. DINKLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for assault and battery by plaintiff, D. W. Bullington, against the defendant, George Hunt, there was a verdict and judgment in favor of the plaintiff for $212.98. The defendant appeals.

Briefly stated, the facts are these: Plaintiff was a conductor on a street car running from Ashland to Huntington. During the month of November, 1909, defendant boarded the car at Ashland and paid his fare to Catlettsburg. At Clyffeside a large crowd boarded the car. The conductor then went through the car for the purpose of collecting the fares. Though defendant had paid his fare, plaintiff asked him for the fare the second time. Defendant replied that he had paid it. Whereupon plaintiff said: "All right." Defendant said: "If it ain't all right, I'll make it all right." Other words passed between them and defendant then struck plaintiff on the side of his face, knocking him senseless. When plaintiff regained consciousness he was on the floor of the car. His face was badly bruised and his nose broken. Plaintiff could not work for about two weeks thereafter and suffered a great deal for several months. According to the evidence for the defendant, plaintiff disputed his word when he told plaintiff that he had paid his fare. Defendant admonished plaintiff not to dispute his word. Thereupon plaintiff put his hand in his pocket. Plaintiff claims that he was putting his money in his pocket. Defendant says that he thought plaintiff was reaching for a weapon and he thereupon hit plaintiff three licks with his fist.

It is insisted that the trial court erred in giving an instruction on punitive damages and that the instruction given was not in proper form. Whether this be true or not, we deem it unnecessary to determine. The evidence shows that plaintiff's nose was broken and that he suffered for several months from his injuries. The jury fixed his damages at only $212.98. It is our rule not to reverse a judgment for error in giving an instruction on punitive damages, where it is clear from the evidence and the size of the verdict that no punitive damages were allowed. Manifestly, the damages allowed in this case were no more than sufficient to compensate plaintiff for the actual injuries which he received. It is clear, therefore, that no punitive damages were allowed. Under these circumstances, the judgment will not be reversed, even though the court erred in giving an instruction on punitive damages. St. Bernard Mining Company v. Ashby, 164 Ky., 416; C. & O. Ry. Co. v. Conley, 124 S. W., 865.

Judgment affirmed.